HEATHER E. WILLIAMS, #122664
Federal Defender
BENJAMIN D. GALLOWAY, #214897
Chief Assistant Federal Defender
RACHELLE BARBOUR, #185395
Assistant Federal Defender
Office of the Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Tel: 916-498-5700/Fax: 916-498-5710

Attorneys for
OMAR ABDULSATTAR AMEEN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KXTV, LLC dba ABC10, | Case No. 2:19-CV-415 JAM CKD |
| Plaintiff, | **UNOPPOSED MOTION TO INTERVENE** |
| v. | Judge: Hon. John A. Mendez |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | |
| Defendant. | |

## I.   INTRODUCTION

Omar Ameen moves to intervene and participate fully in this action pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, for the reasons stated in the accompanying memorandum of points and authorities. Alternatively, Mr. Ameen moves for leave to intervene pursuant to Rule 24(b) of the Federal Rules of Civil Procedure upon the ground that Mr. Ameen has claims or defenses that share common questions of law and fact with the claims or defenses in this case.

Counsel for Mr. Ameen has conferred with counsel for Plaintiff KXTV and the Government regarding this Motion to Intervene. Both Plaintiff's counsel and the Government

have indicated that they do not oppose intervention.[1]   The Government has provided Mr. Ameen with the Vaughn index and a copy of its most recent FOIA disclosure to KXTV. Intervention will not delay or prejudice the adjudication of this matter.

## II.   BACKGROUND

Mr. Ameen is the subject of an extradition case pending before Magistrate Judge Edmund F. Brennan, Mag. No. 18-152-EFB.  He is represented by undersigned counsel in that matter.  He moves to intervene in this action to protect and address his own privacy interests – the exact subject of this civil dispute between plaintiff KXTV, LLC dba ABC10 ("KXTV") and defendant United States Citizenship and Immigration Services ("USCIS").  This Motion addresses the First Claim (Violation of FOIA) in the Amended Complaint, filed March 25, 2019 (Doc. 6.)   It also addresses the Second and Third Affirmative Defenses in the Government's Answer, filed May 17, 2019 (Doc. 9.)

KXTV seeks disclosure of Mr. Ameen's USCIS Alien File ("A-File") under the Freedom of Information Act ("FOIA"). In opposition, USCIS has withheld portions of Mr. Ameen's A-File pursuant to FOIA's Exemption 6, claiming that release of the A-File would violate Mr. Ameen's right to privacy. FOIA's Exemption 6 prevents disclosure of information about individuals in "personnel and medical files and similar files" when disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6) (2012).

Mr. Ameen also has the right to waive his privacy interests in all or some of the disputed records.  Allowing Mr. Ameen a brief period of time in which to review the A-File and consider waiving his privacy interests over portions thereof will expedite the instant FOIA litigation between KXTV and USCIS by narrowing the range of information in dispute, thereby conserving judicial and taxpayer resources. Therefore, permitting Mr. Ameen to intervene and providing an opportunity for him to review the complete A-File benefits all parties, taxpayers,

---

[1] The Government cited a concern that Mr. Ameen's intervention not affect the current briefing schedule. The schedule set forth below does not change any of the currently scheduled dates.

and the court. Plaintiff and Defendant have stipulated to a briefing schedule to address Mr. Ameen's rights via a Motion for Summary Judgment. (Doc. 12.) Mr. Ameen anticipates that any briefing will be in accordance with that schedule and will not delay the case.

### III.    MR. AMEEN MAY INTERVENE AS OF RIGHT

Federal Rule of Civil Procedure 24(a)(2) states:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Under this Rule, Mr. Ameen is entitled to intervene as of right if he demonstrates: "'(1) the intervention application is timely; (2) [Mr. Ameen] has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede [Mr. Ameen's] ability to protect [his] interest; and (4) the existing parties may not adequately represent [Mr. Ameen's] interest.'" Citizens for Balanced Use v. Mont. Wilderness Ass'n, 647 F.3d 893, 897 (9th Cir. 2011) (quoting Prete v. Bradbury, 438 F.3d 949, 954 (9th Cir. 2006).) These "requirements are broadly interpreted in favor of intervention." Id.; accord Wilderness Soc'y v. U.S. Forest Serv., 630 F.3d 1173, 1179 (9th Cir. 2011) (en banc) ("In evaluating whether Rule 24(a)(2)'s requirements are met, we . . . construe the Rule 'broadly in favor of proposed intervenors.'").

#### A.    Omar Ameen's Motion is Timely

In considering whether a motion to intervene is timely, the court considers "(1) the stage of the proceedings; (2) whether the parties would be prejudiced [by intervention]; and (3) the reason for any delay in moving to intervene." Northwest Forest Res. Council v. Glickman, 82 F.3d 825, 836 (9th Cir. 1996) (quoting United States v. Oregon, 913 F.2d 576, 588 (9th Cir. 1990)). Here, Mr. Ameen moves to intervene before any briefs or motions are to be filed per the Joint Scheduling Order. [Dkt. 1, 10, 13]. Mr. Ameen's motion to intervene is timely because it is "filed at a very early stage, before hearings or rulings on substantive matters." Idaho Farm

Bureau Fed'n v. Babbitt, 58 F.3d 1392, 1397 (9th Cir. 1995).  Moreover, the parties would not suffer prejudice from allowing Mr. Ameen to intervene at this stage.  Neither party opposes intervention.  Finally, there is no delay in Mr. Ameen's motion to intervene.  The Government's Vaughn index has just been provided to the Plaintiff and Mr. Ameen.  As set forth below, he will join the current briefing schedule.  Therefore, Mr. Ameen's intervention is timely.

B. Mr. Ameen Has a Substantial Interest in Protecting His Personal Privacy

Mr. Ameen seeks to intervene in this action to protect his personal privacy, or determine whether to waive it. Privacy is generally understood to include "the individual's control of information concerning his or her person."  Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 763 (1989). As many courts have noted, the Exemption 6 privacy interest "belongs to the individual, not the agency holding the information." Amuso v. Dep't of Justice, 600 F. Supp. 2d 78, 93 (D.D.C. 2009); see also Cozen O'Connor v. Dep't of Treasury, 570 F. Supp. 2d 749, 781 (E.D. Pa. 2008) ("The focus of the exemption [6] is the individual's interest, not the government's."); Joseph W. Diemert, Jr. & Assocs. Co. v. Fed. Aviation Admin., 218 F. App'x 479, 482 (6th Cir. 2007) ("[S]ome courts have concluded that where personal privacy interest are implicated, only the individual who owns such interests may validly waive it."). Finally, this court has held that the type of information KXTV seeks in Mr. Ameen's USCIS records qualifies for Exemption 6 protection.  See Knight v. Nat'l Aeronautic & Space Admin., No. 2:04-2054, 2006 WL 3780901, at *5 (E.D. Cal. Dec. 21, 2006) ("Information need not be intimate or embarrassing to qualify for [E]xemption [6 protection].").

C. Absent Intervention, Disposition of This Matter Would Impair Mr. Ameen's Ability to Safeguard His Personal Privacy

Unless Mr. Ameen is allowed to intervene in this litigation, the disposition of this litigation could impede Mr. Ameen's ability to protect his and his family's personal privacy.  It is expected that KXTV will argue that the public's interest to view the information outweighs Mr. Ameen's privacy rights.  See Doc. 6, ¶ 9 ("The withheld records sought by ABC10 will inform ABC10's viewership and the public about how Ameen came to reside in Sacramento[.]"); see

also Doc. 6, ¶ 23 ("'[T]he public has a strong interest in understanding how and why [the] government allowed a man with a far-worse-than-checkered past' to remain in the country.") (quoting Munchkin v. Dep't of Homeland Security, 225 F. Supp. 3d 1069, 1077 (N.D. Cal. 2016)). Mr. Ameen's intervention in this case will address his privacy rights in the documents at issue.

### D. Mr. Ameen's Interest Are Not Adequately Represented by Any Other Party

USCIS cannot adequately represent Mr. Ameen's interests in this litigation because USCIS does not have the same incentives as Mr. Ameen to protect Mr. Ameen's privacy. As noted above, the Exemption 6 privacy interest "belongs to the individual, not the agency holding the information." See Amuso, 600 F. Supp. 2d at 93.

## IV.   IN THE ALTERNATIVE, PERMISSIVE INTERVENTION IS APPROPRIATE

In the alternative, the Court should grant Mr. Ameen permission to intervene under Rule 24(b)(1)(B), which gives the Court discretion to join any proposed intervenor that "has a claim or defense that shares with the main action a question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). As discussed above, Ameen's motion is timely. Further, any claims or counterclaims that Ameen could bring to prevent the unwarranted disclosure of records invasive of his privacy under FOIA involve questions of law and fact common with those claims and defenses likely to be asserted by USCIS and KXTV. Intervention at this point will not delay or prejudice any party. Rather, Ameen's intervention will expedite the proceedings by narrowing the range of documents over which Ameen maintains a privacy interest.

//

//

**V.   CONCLUSION**

Based on the foregoing, Mr. Ameen requests that this Court grant this unopposed Motion to Intervene. A Proposed Order is filed concurrently.

DATED: August 22, 2019              Respectfully submitted,

　　　　　　　　　　　　　　　　　HEATHER E. WILLIAMS
　　　　　　　　　　　　　　　　　Federal Defender
　　　　　　　　　　　　　　　　　*/s/ Benjamin D. Galloway*
　　　　　　　　　　　　　　　　　BENJAMIN D. GALLOWAY
　　　　　　　　　　　　　　　　　Chief Assistant Federal Defender

　　　　　　　　　　　　　　　　　*/s/ Rachelle Barbour*
　　　　　　　　　　　　　　　　　RACHELLE BARBOUR
　　　　　　　　　　　　　　　　　Assistant Federal Defender
　　　　　　　　　　　　　　　　　Attorneys for OMAR AMEEN