UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KXTV, LLC dba ABC10,

        Plaintiff,

    v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

        Defendant.

No.  2:19-cv-00415-JAM-CKD

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

On March 7, 2019, KXTV, LLC ("Plaintiff") filed suit against United States Citizenship and Immigration Services ("Defendant") after it withheld agency records on intervenor, Omar Abdulsattar Ameen ("Ameen").  Compl., ECF No. 1.  Plaintiff alleges Defendant violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, in doing so.  Id.  Defendant filed a Motion for Summary Judgment asserting Plaintiff is not entitled to the records because they are subject to FOIA exemptions that prohibit their release.  Mot. Summ. J. ("Mot."), ECF No. 21. Plaintiff opposed the motion with Ameen's support.  Opp'n, ECF No. 22; Mem. in Supp. of Opp'n, ECF No. 27.

    For the reasons set forth below, the Court GRANTS Defendant's Motion for Summary Judgment.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's claim arises from Defendant's denial of a FOIA request for "all immigration files, photos, annotations, and investigations compiled" on Ameen, who is the subject of an extradition matter brought by the United States. Am. Compl. ¶ 14, ECF No. 6. In effect, Plaintiff requested the entirety of Ameen's Alien File ("A-File"). The A-File is an official record that contains information obtained by the Government on an individual as they pass through the United States immigration and inspection process. Mot. at 6. After an administrative appeal of the denial, Defendant maintained its position and continued to withhold the requested records. Mot. at 2. Plaintiff subsequently filed suit. Id. Upon the commencement of the suit, the parties agreed to narrow the amount of information at issue. Mot. at 2. As part of this effort, Defendant produced a Vaughn index describing what information was withheld and why. See Vaughn v. Rosen, 484 F.2d 820, 827 (D.C. Cir. 1973) ("[A] Vaughn index [] provides the court with a method to analyze the propriety of the withholding in sufficient detail to show the applicability of the exemption."). With the Vaughn index, Defendant released a large portion of Ameen's A-File. Mot. at 2. Defendant claimed the non-released information was exempt pursuant to 5 U.S.C § 552(b)(3), (b)(6), (b)(7)(A), (b)(7)(C), and (b)(7)(E). Id. Around this time, Ameen intervened in the case based on his privacy interests in his A-File. See Mot. to Intervene, ECF No. 15. After reviewing the file, Ameen provided a list of documents he would waive his interests in and consent to Defendant producing. Mot. at 3.

Approximately one month later, Ameen changed his position on waiving his privacy interest through FOIA and decided to provide many of the documents directly to Plaintiff himself. Id. Ameen shared 187 pages of documents from his A-File with Plaintiff and subsequently waived his privacy interest in the remaining documents. Id. Following Ameen's disclosure of the documents, Defendant revised the Vaughn index, provided Plaintiff with an updated response letter, and released more of Ameen's A-File. Id. Then, in response to Plaintiff's opposition to the instant motion, Defendant released some additional information. Suppl. Decl. of Kelli Taylor ("Taylor Suppl. Decl.") ¶ 2, ECF No. 30-3.

Soon thereafter, in Ameen's extradition proceedings, Defendant released partially redacted portions of three memoranda still withheld in full in this action (Doc. Nos. 119, 124-25, and 131). See Exs. 16, 17, 18, 19 to Sur-Reply, ECF No. 32. Defendant continues to withhold in full three pages from those memoranda in both proceedings (Doc. Nos. 126, 130, and 132). See Ex. 17 to Sur-Reply. The Court will treat the documents that were released in part in the extradition proceedings as released in part in this action. Thus, only three pages of the memoranda remain withheld in full.

On February 25, 2020, the Court held a hearing on the motion during which it requested in camera review of several of the documents withheld in full (Doc. Nos. 114-16, 117, 127-29, 159-66, 198, 200). ECF No. 38. Upon review, the Court found those documents had been properly withheld by Defendant and that the FOIA exemptions identified were correctly applied. Min. Order, ECF No. 39. As to those documents, the Court GRANTED

3

Defendant's Motion for Summary Judgement.  <u>Id.</u>

Accordingly, the information that remains in dispute consists of twenty-six (26) partially redacted pages and three (3) pages withheld in full.  <u>See</u> Ex. M to Reply, ECF No. 30-4; Ex. N to Reply, ECF No. 30-5; Ex. 17 to Sur-Reply; Min. Order, ECF No. 39.  Defendant applied FOIA exemptions (b)(6) and (b)(7)(A), (C), (E), and (F) to prevent the release of all or part of the remaining documents.  Mot. at 7.


## II.  OPINION

### A.  <u>Evidentiary Objections</u>

Plaintiff raises several evidentiary objections in its responses to Defendant's statement of undisputed facts.  <u>See</u> Plaintiff's Response to Defendant's Statement of Undisputed Facts ("SUF") ¶¶ 21, 22, 26, 27, ECF No. 22-1; Objs. at ECF No. 25.  The Court has reviewed these evidentiary objections but declines to rule on them as courts self-police evidentiary issues on motions for summary judgment and a formal ruling is unnecessary to the determination of this motion.  <u>See</u> <u>Burch v. Regents of the University of California</u>, 433 F.Supp.2d 1110, 1118-1122 (E.D. Cal. 2006).

### B.  <u>Plaintiff's Request for Judicial Notice</u>

Plaintiff requests that the Court take judicial notice of fourteen exhibits.  <u>See</u> Req. for Jud. Notice, ECF No. 23.; Suppl. Req. for Jud. Notice, ECF No. 33.  Several of those exhibits originate from Ameen's extradition matter, <u>USA v. Ameen</u>, Case No. 2:18-MJ-00152-EFB (E.D. Cal.), including: (1) the docket itself; (2) the Complaint; (3) the Memorandum of

4

Extradition Law and Request for Detention Pending Extradition
Proceedings; (4) Exhibit 6 to the Extradition Hearing Brief; (5)
the Updated Exhibit List; (6) Ameen's Passport filed at Exhibit
11-B; and (7) Reply to Defense Second Supplemental Extradition
Hearing Brief.  Plaintiff also requests judicial notice of the
docket in <u>Muchnick v. Dep't of Homeland Sec.</u>, Case No. 3:15-cv-
03060-CRB (N.D. Cal.).

In addition to court filings, Plaintiff requests the Court
take judicial notice of the following public records: (1) United
States Department of Homeland Security's "DHS/USCIS/PIA-068
Refugee Case Processing and Security Vetting" Document; (2) The
Sacramento Bee article, "*Is this Iraqi Sacramento resident an
ISIS killer, or victim of a mentally ill witness?*"; (3) CBS
Sacramento article, "*Sacramento Man Linked to Iraqi ISIS Murder
Denied Bail*"; (4) The New York Times article, "*ISIS Member
Arrested in Sacramento, U.S. Says*"; (5) The New Yorker article,
"*The Fight to Save an Innocent Refugee from Almost Certain
Death*"; and (6) The New Yorker article, "*The Evidence That Could
Save Omar Ameen's Life.*"

"A judicially noticed fact must be one not subject to
reasonable dispute in that it is either (1) generally known
within the territorial jurisdiction of the trial court or
(2) capable of accurate and ready determination by resort to
sources whose accuracy cannot reasonably be questioned."  Fed.
R. Evid. 201(b).  Accordingly, a court may take judicial notice
of "undisputed matters of public record . . . including
documents on file in federal or state courts."  <u>Harris v. County
of Orange</u>, 682 F.3d 1126, 1132 (9th Cir. 2012).  A court may

not, however, judicially notice a disputed fact stated within those records. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689-90 (9th Cir. 2001). Moreover, a court should not take judicial notice of adjudicative facts that are irrelevant to the case at issue. <u>Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC</u>, 692 F.3d 983, 991 n.8 (9th Cir. 2012).

All the exhibits Plaintiff requests that the Court judicially notice are undisputed matters of public record. Accordingly, the Court takes judicial notice of their <u>existence</u>. However, the Court declines to take judicial notice of their substance, including any disputed or irrelevant facts within them.

### C. Applicable Legal Standards

#### 1. The Freedom of Information Act

"FOIA was enacted to facilitate public access to Government documents." <u>Llahr v. Nat'l Transp. Safety Bd.</u>, 569 F.3d 964, 973 (9th Cir. 2009) (internal quotation marks and citation omitted). Nonetheless, "FOIA contemplates that some information may legitimately be kept from the public." <u>Id.</u> To this end, the statute contains nine enumerated exemptions allowing the Government to withhold documents or portions of documents. <u>Id.</u> (citing 5 U.S.C. § 552(b)(1)-(9)). FOIA's presumption in favor of disclosure means that an agency invoking one of the exemptions bears the burden of demonstrating that the exemption properly applies to the documents. <u>Id.</u> (internal quotation marks and citation omitted).

This presumption also means that the exemptions are to be interpreted narrowly. <u>Id.</u> (internal quotation marks and

citation omitted). But they are nonetheless "intended to have meaningful reach and application." John Doe Agency v. John Doe Corp., 493 U.S. 146, 152 (1989). Thus, if an agency refuses to disclose records that correctly fall within one of the exemptions, courts lack the statutory authority to order disclosure. Spurlock v. F.B.I., 68 F.3d 1010, 1015-16 (9th Cir. 1995) (citations omitted). With FOIA's exemptions, "Congress [] created a scheme of categorial exclusion; it did not invite a judicial weighing of the benefits and evils of disclosure on a case-by-case basis." F.B.I. v. Abramson, 456 U.S. 615, 631 (1982).

When an agency is tasked with establishing that its records search was adequate and that any withheld documents fall within an exemption, it "must provide tailored reasons in response to a FOIA request." Shannahan v. I.R.S., 672 F.3d 1142, 1148 (9th Cir. 2012). It may not respond with boilerplate or conclusory statements. Id. (citation omitted). But when an agency provides sufficiently detailed declarations, courts are to "accord [those declarations] substantial weight." Id.

Further, courts may rely solely on agency declarations or affidavits so long as "the affiants are knowledgeable about the information sought and the affidavits are detailed enough to allow the court to make an independent assessment of the [agency's] claim. Lane v. Dep't of Interior, 523 F.3d 1128, 1135-36 (9th Cir. 2008) (internal quotation marks and citation omitted). Upon receiving detailed descriptions of the documents and facts sufficient to establish an exemption, the "court need look no further". Id. (internal quotation marks and citations

omitted).

## 2.   Summary Judgment in FOIA Cases

"Summary judgment is the procedural vehicle by which nearly all FOIA cases are resolved." Brown v. U.S. Dep't of Just., WL 1237274 at *3 (E.D. Cal. 2015) (citations omitted).  However, the typical summary judgment standard is insufficient in a FOIA proceeding.  Nat'l Res. Def. Council v. U.S. Dep't of Def., 388 F.Supp.2d 1086, 1095-97 (C.D. Cal. 2005).  Because the facts are rarely in dispute in a FOIA case, the Court need not ask whether there is a genuine issue of material fact.  Minier v. Cent. Intelligence Agency, 88 F.3d 796, 800 (9th Cir. 1996).  Instead, the summary judgment standard in a FOIA case requires a two-stage inquiry.  Nat'l Res. Def. Council, 388 F.Supp.2d at 1095-97.

First, the Court must determine whether the agency has met its burden of proving that it fully discharged its obligations under FOIA.  Zemansky v. EPA, 767 F.2d 569, 571 (9th Cir. 1985) (citation omitted).  To do so, the agency must demonstrate that it conducted a search reasonably calculated to uncover all relevant documents.  Id.  The question is not whether any other relevant documents could possibly exist, but whether the agency's search for the documents was adequate, as measured by a reasonableness standard.  Weisberg v. U.S. Dep't of Just., 705 F.2d 1344, 1351 (D.C. Cir. 1983).  If this initial burden is met, the next stage of the inquiry examines whether the agency has proven that the withheld information falls within one of the nine FOIA exemptions.  U.S. Dep't of State v. Ray, 502 U.S. 164, 173 (1991).

Thus, to prevail on summary judgment, "the agency must prove it has fully discharged these burdens under FOIA, after the underlying facts and inferences to be drawn from them are construed in the light most favorable to the FOIA requester." Nat'l Res. Def. Council, 388 F.Supp.2d at 1095.

D.   Analysis

1.   Adequacy of Search

As an initial matter, it is undisputed that Defendant searched for responsive records in accordance with its standard procedures for processing FOIA requests. See Am. Compl. Plaintiff does not challenge Defendant's search for responsive documents. Id. Further, Defendant provides a declaration from the Associate Director of the FOIA Unit within the Department of Homeland Security ("DHS") that details Defendant's search for responsive records and establishes it as sufficiently thorough. Decl. of Jill Eggleston ("Eggleston Decl.") ¶¶ 16–18, ECF No. 21-3. See Zemansky, 767 F.2d at 571 ("In demonstrating the adequacy of the search, the agency may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith.").

Accordingly, Defendant has satisfied the initial burden of the summary judgment inquiry.

2.   Claimed Exemptions

Next, Defendant must prove that the withheld information falls within each of the FOIA exemptions applied. Ray, 502 U.S. at 173. Defendant has applied several exemptions to the following documents that were either partially redacted or withheld in full:

| Partially Redacted Documents | FOIA Exemptions Applied |
|---|---|
| 118 | 6, 7(C), 7(E) |
| 120 | 6, 7(C), 7(E) |
| 121-23 | 6, 7(C), 7(E) |
| 138 | 6, 7(C) |
| 153 | 6, 7(C), 7(E) |
| 154-55 | 6, 7(C), 7(E) |
| 157-58 | 6, 7(C), 7(E) |
| 167 | 6, 7(C), 7(E) |
| 171 | 6, 7(C) |
| 192-97 | 6, 7(C), 7(E) |
| 199 | 6, 7(C), 7(E) |
| 259-60 | 6, 7(C) |

| Documents Withheld in Full | FOIA Exemptions Applied |
|---|---|
| 126 | 6, 7(A), 7(C), 7(E), 7(F) |
| 130 | 6, 7(A), 7(C), 7(E), 7(F) |
| 132 | 6, 7(A), 7(C), 7(E), 7(F) |

Taylor Suppl. Decl. ¶¶ 2-3; Ex. M to Reply; Ex. N to Reply; Ex. 17 to Sur-Reply.

a.   Exemption 7

FOIA's seventh exemption applies to certain "records or information compiled for law enforcement purposes."  5 U.S.C § 552(b)(7).  Judicial review of Exemption 7 requires another two-stage inquiry.  Abramson, 456 U.S. at 622.  "First, a requested document must be shown to have been an investigatory

10

record compiled for law enforcement purposes." Id. (internal quotation marks and citation omitted). Then the agency must demonstrate that release of the document would have one of the six results specified within that exemption. Id.; see 5 U.S.C § 552(b)(7)(A)-(F).

The first part of the inquiry is easily resolved. "An agency with a clear law enforcement mandate need only establish a rational nexus between enforcement of a federal law and the document for which an exemption is claimed." Los Angeles Times Comm'cs, LLC v. Dep't of Army, 442 F. Supp. 2d 880, 895 (C.D. Cal. 2006) (internal quotation marks and citation omitted). DHS and its components are law enforcement agencies. Eggleston Decl. ¶ 32. Of those components, Defendant and ICE are responsible for the administration and enforcement of federal laws relating to the immigration and naturalization of aliens and identifying and eliminating vulnerabilities at the nation's borders. Eggleston Decl. ¶ 32; Decl. of Toni Fuentes ("Fuentes Decl.") ¶¶ 9-11, ECF No. 21-9. Ameen's A-File was put together by these law enforcement agencies and A-Files have routinely been found to "meet [the Exemption 7] test because they are 'compiled for adjudicative and enforcement purposes' within DHS's statutory authority." Muchnick v. Dep't of Homeland Sec., 225 F. Supp. 3d 1069, 1077 (N.D. Cal. 2016).

Thus, the documents at issue are investigatory records compiled for law enforcement purposes.

(i)  Exemption 7(A)

Defendant invokes Exemption 7(A) to withhold portions of three memoranda that "could reasonably be expected to interfere

11

with enforcement proceedings." Mot. at 9.  Under Exemption
7(A), the agency "need only make a general showing" that
disclosure would frustrate ongoing proceedings.  <u>Lewis v.
I.R.S.</u>, 823 F.2d 375, 380 (9th Cir. 1987) (citations omitted).
It "is not required to make a specific factual showing with
respect to each withheld document that disclosure would <u>actually
interfere</u> with a particular enforcement proceeding."  <u>Id.</u>
(internal quotation marks and citation omitted).  This exemption
is meant to allow courts to determine that the release of
certain types of investigatory records would generally hamper a
pending case.  <u>Id.</u> (internal quotation marks and citation
omitted).

  The three memoranda in question (Doc. Nos. 119, 124-26, and
130-32) were produced by United States Immigration and Customs
Enforcement ("ICE") during a joint terrorism task force
investigation of Ameen.  Fuentes Decl. ¶ 13.  As of the filing
of the instant motion, ICE's investigation into Ameen is
considered ongoing.  <u>Id.</u>  According to Officer Fuentes, the
Deputy Officer of ICE's FOIA Office, the release of these
documents would interfere with the ongoing investigation by
"reveal[ing] law enforcement techniques, and guidelines and
tools used by ICE in investigating targets."  Suppl. Decl. of
Toni Fuentes ("Fuentes Suppl. Decl.") ¶ 6, ECF No. 30-1.  Their
disclosure "would reveal the status of specific actions being
taken by [ICE]," and if "the subject(s) of the investigation was
to discover the contents of these memos, they may change their
behaviors, activities, or start destroying critical evidence."
Fuentes Suppl. Decl. ¶ 6.

But Officer Fuentes does not reveal much more than that. Under Exemption 7(A), Defendant need only make a general showing that disclosure would frustrate ongoing proceedings. Lewis, 823 F.2d at 380. Nonetheless, the Court must receive enough detail to make an independent assessment of Defendant's claim. Lane, 523 F.3d at 1135-36. The names of the documents, without much more, do not give the Court any insight as to why the release of these types of investigatory records would interfere with the ongoing case. See Fuentes Decl. ¶¶ 6, 7. That their disclosure would reveal law enforcement techniques and the status of specific actions being taken is vague and veers into the territory of "boilerplate or conclusory statements." Shannahan, 672 F.3d at 1148.

In cases where Exemption 7(A) was validly applied to prevent the release of certain types of investigatory documents, the declarations or affidavits were more insightful. For instance, in Lewis, the affidavits described "in sufficient detail" the undisclosed materials and more specifically "addressed why disclosure would impair the IRS's investigation." 823 F.2d at 378. One of the affidavits explained that disclosure would: reveal the evidence developed against the plaintiff; the reliance placed by the Government on that evidence; the names of witnesses and potential witnesses; the scope and limits of the investigation; the identities of third parties contacted; the specific transactions being investigated; the strengths and weaknesses of the government's case; and potential impeachment material. Id. at 378 n. 5.

Without more information as to why the types of

investigatory records listed in Officer Fuentes' declarations would interfere with the ongoing investigation, the Court cannot independently assess whether Exemption 7(A) was justifiably asserted. Furthermore, Defendant did not apply Exemption 7(A) to these memoranda in Ameen's extradition proceedings. Ex. 17 to Sur-Reply. This suggests to the Court that Exemption 7(A) was superfluously applied, running afoul of the principle that the exemptions be narrowly interpreted. Llahr, 569 F.3d at 973 (internal quotation marks and citation omitted).

Accordingly, Defendant invalidly claimed FOIA Exemption 7(A) to prevent the release of this information.

### (ii) Exemption 7(C)

Defendant invokes Exemption 7(C) to withhold personal information belonging to third-party individuals who, unlike Ameen, did not consent to the release of their information. Mot. at 10. Defendant applies Exemption 7(C) to portions of all the documents at issue. Id. Exemption 7(C) can be asserted to prevent the release of documents that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). In analyzing whether Exemption 7(C) applies, the third-parties' privacy interests in the documents must be balanced against the public interest in their release. U.S. Dep't. of Just. v. Comm. for Freedom of the Press, 489 U.S. 749, 762 (1989).

To trigger this balancing, the requester must first "show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake." Nat'l Archives & Records Admin. v. Favish, 541

14

U.S. 157, 172 (2004).  Next, the requester "must show the information is likely to advance that interest."  Id.  If the requester fails to make both showings, "the invasion of privacy is unwarranted."  Id.

Defendant has refused to release the personal information of third parties that appears throughout all the documents. Decl. of Jill Eggleston ("Eggleston Decl.") ¶¶ 30-31, ECF No. 21-3; Fuentes Decl. ¶¶ 16-20.  Some of these individuals are private citizens.  See Eggleston Decl. ¶ 30.  Others are government employees involved in Ameen's case.  Id. Investigatory records generated by law enforcement agencies often contain information about private citizens whose link to the official inquiry is tenuous.  Favish, 541 U.S. at 166. "There is special reason, therefore, to give protection to this intimate personal data, to which the public does not have a general right of access in the ordinary course."  Id. (internal citation omitted).  In these instances, "the privacy interest is at its apex."  Id. (internal quotation marks and citation omitted).  Likewise, "[l]aw enforcement personnel involved in a criminal investigation have a [] privacy interest under Exemption 7(C) in not having their identities disclosed."  Brown v. U.S. Dep't of Just., WL 1237274 at *9 (E.D. Cal. 2015) (internal citations omitted).  Thus, these third parties have a privacy interest in any personal information contained in these documents.

Plaintiff argues the public has an interest in knowing whether Defendant is "adequately performing its job and properly vetting refugee applicants such that murderers and terrorists

are not allowed into the country." Opp'n at 15. When "the public interest is being asserted to show that responsible officials acted negligently or otherwise improperly in the performance of their duties, the requester must establish more than a bare suspicion in order to obtain disclosure." <u>Favish</u>, 541 U.S. at 176. Instead, "the requester must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." <u>Id.</u> Further, there is a presumption of legitimacy accorded to the Government's official conduct. <u>Id.</u> (internal citation omitted). And where that presumption is applicable, "clear evidence is usually required to displace it." <u>Id.</u> (internal citation omitted).

Plaintiff is only able to point to allegations against Ameen from the Government's extradition memorandum as evidence that Defendant acted negligently or improperly in executing its duties. <u>See</u> Opp'n at 15–16; Ex. 3 to Req. for Jud. Notice, ECF No. 23. The Court declines to treat mere allegations against Ameen as clear evidence of governmental misconduct. Meanwhile, Plaintiff fails to explain how the information at issue is likely to advance that interest. Thus, Plaintiff has failed to make the requisite showings and the invasion of privacy that would result from releasing the third-party information is unwarranted. <u>Favish</u>, 541 U.S. at 172.

Accordingly, Defendant's motion is GRANTED as to the information withheld under FOIA Exemption 7(C).

(iii)    <u>Exemption 7(E)</u>

Defendant invokes Exemption 7(E) to withhold information

relating to law enforcement techniques and procedures. Mot. at
14. Exemption 7(E) protects records compiled for law
enforcement purposes from disclosure if those records would
reveal techniques, procedures, or guidelines for investigations
or prosecutions that could reasonably be expected to risk
circumvention of the law. Hamdan v. U.S. Dep't. of Just., 797
F.3d 759, 777 (9th Cir. 2015). However, a showing that
disclosure would lead to a danger of future lawbreaking is not
necessary. Id. (internal quotation marks and citation omitted).

Exemption 7(E) applies even when the identity of the
techniques has been disclosed or are generally known, but the
manner and circumstances of the techniques are not generally
known, or the disclosure of additional details could reduce
their effectiveness. See Bowen v. U.S. Food & Drug Admin., 925
F.2d 1225, 1228-29 (9th Cir. 1991) (upholding application of
Exemption 7(E) to withhold publicly-known investigative
techniques and procedures when disclosure would reveal
additional details that would hamper future agency
investigations).

Here, Exemption 7(E) is used to withhold law enforcement
techniques and procedures used to investigate Ameen. Mot. at
15. Defendant alleges this information was withheld because it
could reveal the law enforcement procedures used when
adjudicating certain types of applications. Eggleston Decl. ¶
32; Fuentes Decl. ¶ 21. According to Defendant, their
disclosure "could assist people seeking to violate or circumvent
the law by taking proactive steps to counter operational and
investigative actions taken by ICE and USCIS during enforcement

operations." Eggleston Decl. ¶ 32; Fuentes Decl. ¶ 21.

Exemption 7(E) "sets a relatively low bar for the agency to justify withholding." Blackwell v. F.B.I., 646 F.3d 37, 42 (D.C. Cir. 2010). It "only requires that the agency demonstrate logically how the release of the requested information might create a risk of circumvention of the law." Id. (internal quotation marks and citation omitted). For instance, in Hamdan, Exemption 7(E) was appropriately applied to documents described as revealing "techniques and procedures related to surveillance and credit searches." 797 F.3d at 777. It was of no consequence that credit searches and surveillance are publicly known law enforcement techniques. Id. at 777–78. The affidavits claimed the records revealed techniques that, if known, could enable criminals to educate themselves about methods used to locate and apprehend persons. Id. at 777. This implied specific means of conducting surveillance and credit searches would be released, rather than merely application of the techniques. Id. at 777–78. And "affidavits which state that further detail would compromise the very techniques the government is trying to keep secret, are sufficient to meet the [agency's] burden." Id. at 778.

Thus, Defendant has met its burden. These documents are withheld to prevent potential violators from evading and exploiting United States immigration laws. Eggleston Decl. ¶ 30. This is sufficient justification for their continued withholding under Exemption 7(E). Hamdan, 797 F.3d at 777. Plaintiff's argument that these documents fall under the "routine-technique exception" has no teeth. See Opp'n at 19–20.

18

As long as the manner and circumstances of the techniques are not generally known, or the disclosure of additional details could reduce their effectiveness, Exemption 7(E) applies even where the identity of the techniques has been disclosed.

Accordingly, Defendant's motion is GRANTED as to the information withheld under FOIA Exemption 7(E).

### (iv)    Exemption 7(F)

Defendant invokes Exemption 7(F) to withhold information that could reasonably be expected to result in harm if released. Mot. at 17. Exemption 7(F) permits withholding records or information that, if disclosed, "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F). Defendant invokes Exemption 7(F) to prevent the release of the names of federal employees and third parties involved in investigating Ameen. Mot. at 17.

Because the Court finds Exemption 7(C) applies to that information, it need not make a finding on Exemption 7(F). See Center for Nat. Sec. Studies v. U.S. Dep't of Just., 331 F.3d 918, 925 (D.C. Cir. 2003) (reserving judgment on whether 7(F) would support withholding the names of detainees and lawyers when 7(A) was properly invoked).

### b.    Exemption 6

Defendant invokes Exemption 6 to withhold personal information belonging to third-party individuals who, unlike Ameen, did not consent to release of their information. Mot. at 18. This exemption is applied to portions of all the documents at issue. Mot. at 10. Exemption 6 provides that "personnel and medical files and similar files" may be withheld if their

disclosure "would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).

As with Exception 7(C), the Exemption 6 analysis involves a balancing of the privacy interest protected by withholding the documents against the public interest in their release.  Forest Serv. Employees for Envt'l Ethics v. U.S. Forest Service, 524 F.3d 1021, 1024 n. 2 (9th Cir. 2008).  The only distinction between the two tests is the magnitude of the public interest required to override the privacy interests protected by the exemptions.  Id.  Under Exemption 6, the invasion of privacy must be "clearly unwarranted."  5 U.S.C. § 552(b)(6).

But, where the documents at issue are compiled for law enforcement purposes, only the lower requirement of Exemption 7(C) must be met.  See Lane, 523 F.3d at 1137 (where Exemption 7(C) applies, the court need not reach whether the information might also be protected under Exemption 6).  Because the third-party information was properly withheld under Exemption 7(C), the Court need not make a finding on Exemption 6.

### 3.   The Segregability Requirement

Even where records fall within one of the exemptions, FOIA further requires disclosure of "any reasonably segregable portion of a record . . . after deletion of the portions which are exempt."  5 U.S.C. § 552(b).  It is reversible error for a district court "to simply approve the withholding of an entire document without entering a finding on segregability, or the lack thereof."  Church of Scientology of Cal. v. U.S. Dep't of Army, 611 F.2d 738, 744 (9th Cir. 1979).  Non-exempt portions of a document must be disclosed unless they are "inextricably

intertwined with exempt portions" to such a degree that separating the two would "impose significant costs on the agency and produce an edited document with little informational value." Willamette Indus., Inc. v. United States, 689 F.2d 865, 867–68 (9th Cir. 1982).

The burden of proof is on the agency to show that all reasonably segregable portions of a document have been segregated and disclosed. Pac. Fisheries Inc. v. United States, 539 F.3d 1143, 1148 (9th Cir. 2008). The agency must provide a detailed justification for its claim on non-segregability, but it is not obligated to provide so much detail that the exempt information would effectively be disclosed. Johnson v. Exec. Office for U.S. Attorneys, 310 F.3d 771, 776 (D.C. Cir. 2002). The burden can be met with an affidavit containing reasonably detailed descriptions of the withheld portions of the documents and alleging facts sufficient to establish an exemption. Pac. Fisheries, 539 F.3d at 1148.

The Court finds that, between the Vaughn Index and the four declarations, Defendant has justified not disclosing the few documents withheld in full under Exemptions 7(C) and 7(E). See Vaughn Index, Ex. A to Mot.; Fuentes Decl., ECF No. 21-9; Fuentes Suppl. Decl., ECF No. 30-1; Eggleston Decl.; ECF No. 21-3; Suppl. Decl. of Jill Eggleston ("Eggleston Suppl. Decl."), ECF No. 30-2. Those exemptions were validly applied. Defendant withheld those documents in their entirety only where it "determined that no further segregation . . . was possible without disclosing information that warrants protection under the law." Eggleston Decl. ¶ 33.

In sum, the Court finds Defendant failed to meet its burden with regard to Exemption 7(A) but has established the applicability of Exemptions 7(C) and 7(E) to these documents. Meanwhile, the Court need not make a finding on Exemptions 6 and 7(F).  Thus, because Exemptions 7(C) and 7(E) apply to all or portions of the documents that remain withheld, Defendant is not required to disclose the information protected by either of those exemptions.

                        III. ORDER

     For the reasons set forth above, the Court GRANTS Defendant's Motion for Summary Judgment.

     IT IS SO ORDERED.

Dated: March 6, 2020

                                    JOHN A. MENDEZ,
                                    UNITED STATES DISTRICT JUDGE